MARSHALL v. DeMAGNASSUN.

1. DEEDS—TRICK—FORGERY.
    Where grantors' acknowledgment was taken by notary three
    days after date of deed and after they had examined it,
    their claim that their signatures were obtained by trick
    amounting to forgery, is untenable, although grantee was
    guilty of fraud in the transaction.

2. SAME—CANCELLATION OF INSTRUMENTS.
    Where grantors knew that they were signing deed, they are
    not entitled to have it set aside as constructive forgery, as
    against good-faith purchasers from grantee, although latter
    was guilty of fraud.

3. TRUSTS—CONSTRUCTIVE TRUSTS.
    Constructive trusts are sometimes declared by court of equity
    and impressed on funds in hands of one who should be de-
    creed trustee ex maleficio.

4. SAME—DEEDS—GOOD-FAITH PURCHASER NOT TRUSTEE EX MALE-
    FICIO.
    Purchaser of land may not be deemed trustee ex maleficio, estab-
    lishing constructive trust, where he acted in good faith, al-
    though his grantor may have been guilty of fraud.

Appeal from Wayne; Webster (Clyde I.), J.
Submitted October 30, 1930. (Docket No. 178,
Calendar No. 34,103.) Decided January 7, 1931.

Bill by George R. Marshall and another against
Arthur DeMagnassun and others to declare a deed
void. Decree for defendants. Plaintiffs appeal.
Affirmed.

*Edmund M. Sloman,* for plaintiffs.

*Robert J. Hanley,* for defendant Sternberg.

Signature to deed obtained by fraud as forgery, see annotation
in 56 A. L. R. 582.

*Jorgensen & Alexander,* for defendant Smith.

*Walter E. Daines,* for defendants Smart.

WIEST, J. Claiming that, in 1926, defendant De-Magnassun obtained their signatures to a deed by trick, and, therefore, the instrument was no better than a forgery (*Horvath* v. *National Mortgage Co.,* 238 Mich. 354 [56 A. L. R. 578]), plaintiffs filed the bill herein to have the deed adjudged void and subsequent purchasers without title.

The evidence does not admit of a finding that the signatures of plaintiffs were procured by trick or in a manner constituting the deed, in effect, a forgery, but clearly establishes a fraud perpetrated by DeMagnassun and rendered possible by the gullibility and misplaced confidence of plaintiffs. The case is like that of *Kuczewski* v. *DeMagnassun,* 242 Mich. 296 (57 A. L. R. 756).

Plaintiffs owned a house and lot in the city of Detroit worth $4,800, subject, however, to a mortgage of $1,000, and had sold the premises on land contract, upon which about $3,800 remained unpaid, and desired to sell their vendors' interest. Defendant DeMagnassun, styling himself manager of the American Discount Company, advertised that the company would buy land contracts at a small discount. Plaintiffs read the advertisement, visited the office of DeMagnassun, taking with them their land contract and abstract of title, and, after some negotiations, an agreement in writing was signed by the parties, under which plaintiffs, in consideration of $3,161.18, agreed to convey to the American Discount Company their interest. The same day plaintiffs signed an assignment of the land contract to DeMagnassun and received a note for $3,111.18, payable in two weeks, less $50, deducted for an un-

paid paving tax, and also signed a warranty deed, conveying their title to DeMagnassun. Mr. Marshall died before the hearing. Mrs. Marshall was a witness and admitted that the deed to DeMagnassun bore the signatures of her husband and herself, but said she did not know that, among the papers she signed, there was a deed, and, in her behalf, the theory is advanced that, in signing the transfer of the land contract, the deed, without her knowledge, was slipped among the papers. This theory is rendered untenable by the testimony of defendant Samuel Sternberg, an attorney, that he visited plaintiffs at their home, three days after the date of the deed, and took their acknowledgment after they had examined the deed, previously signed by them. DeMagnassun was also present. Mr. Sternberg was made a defendant, but the evidence disclosed that he acted only in the capacity of a notary, and there was no good reason for making him a party defendant.

We cannot find that plaintiffs' signatures were procured by trick in the sense of an artifice or deceitful contrivance keeping from plaintiffs knowledge that they were signing a deed. Under the evidence, plaintiffs unwittingly dealt with a scoundrel who was too wily to resort to constructive forgery when it was not necessary. Plaintiffs thought they were dealing with an honest man, and they trusted him too far, for his wicked scheme was to induce them to openly place their property in his name so that he might sell the same and pocket the proceeds.

The day that DeMagnassun received the assignment of the land contract he offered the same for sale to defendant Fred L. Smith. Mr. Smith had his attorneys examine the title and purchased the land contract interest and the title to the property

from DeMagnassun. Thereafter DeMagnassun left for parts unknown, and, while named a party defendant, was not brought in by process nor did he appear.

Defendants Thomas G. and Jennie E. Smart are purchasers from Fred L. Smith, and their good faith is unquestioned.

In behalf of plaintiffs it is claimed that defendant Smith, at the time of his purchase, was put upon inquiry by the fact that at that time the assignment of the land contract had not been acknowledged, and he was advised by his attorneys:

"You should have the assignment notarized as you know many of your clients wish to record the land contract and assignments, which they cannot do if same are not acknowledged. You should check up from the Highland Park State Bank as to the balance due upon this mortgage and the deed from Marshall to DeMagnassun to yourself. Inasmuch as this abstract was certified on January 2nd, we advise the same caution in respect to this deal as to any others, that is, that you should have Miss Nadell from your office, or ourselves, check up the reception books and see if any instruments have been received for recording since the date of certification."

Later, and before purchase by Mr. Smith, the proper certificate of acknowledgment was supplied upon the assignment by the notary. We find nothing in this requiring Mr. Smith to verify the signatures to the instrument. Had he verified the signatures he would have found them all genuine.

Counsel for plaintiffs contends that defendant Smith, under the doctrine of constructive trusts, should be made to account to plaintiffs for the moneys he received from defendants Smart. Constructive trusts are sometimes declared by the court

of equity and impressed upon funds in the hands of one who should be decreed a trustee *ex maleficio*. Plaintiffs have not established the essential elements calling for the application of the doctrine of constructive trusts. Defendant Smith was a good-faith purchaser. This ends the case.

The decree in the circuit court is affirmed, with costs to defendants Sternberg, Smith, and Smart.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH,. and FEAD, JJ., concurred.